**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bobbie Gene Cole Scott,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>State of Arizona,<br><br>　　　　Defendant. | No. CV 09-1882-PHX-JAT (Lead)<br>CV 09-1883-PHX-JAT (Cons)<br>CV 09-1884-PHX-JAT (Cons)<br>CV 09-1885-PHX-JAT (Cons)<br><br>**ORDER** |

Plaintiff Bobbie Glen Cole Scott ("Plaintiff") moves this Court to reconsider its June 1st, 2010 Order. (Doc. 30). In that Order, the Court granted Defendant's Motion to Dismiss. (Doc. 28). For the following reasons, the Court denies Plaintiff's Motion to Reconsider.[1]

**I.　Legal Standard**

Generally, motions for reconsideration are appropriate only if: 1) the movant presents newly discovered evidence; 2) the Court committed clear error or the initial decision was manifestly unjust; or 3) an intervening change in controlling law has occurred. *School Dist. No. 1J, Multnomah Cty., Or. v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "No motion for reconsideration shall repeat in any manner any oral or written argument made in support of or in opposition to the original motion." *Motorola, Inc. v. J.B. Rodgers Mechanical Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). The Court ordinarily will deny "a

---

[1] Plaintiff's motion is titled "Petition for: Review the Unsettled Issue's of Law (sic)," but will be construed as a Motion to Reconsider pursuant to Fed. R. Civ. P. 60(b).

motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv.P. 7.2(g)(1).

**II.    Analysis**

Here, Plaintiff has presented no newly discovered evidence and no intervening change in controlling case law. Instead, Plaintiff suggests this Court committed a legal error by dismissing Plaintiff's case on the basis of state sovereign immunity under the Eleventh Amendment. (Doc. 30). Now, for the first time, Plaintiff argues that the state's sovereign immunity has been abrogated by Congress under 28 U.S.C. § 1331 and by the state under A.R.S. § 12-821. (Doc. 28 at 2-4). Although the Court need not entertain such arguments because Plaintiff could have raised them earlier in this litigation, *see* LRCiv. P. 7.2(g)(1), neither 28 U.S.C. § 1331 nor A.R.S. § 12-821 abrogate the state's sovereign immunity.

Under the Eleventh Amendment, states are immune from suit in federal court for state or federal causes of action by private parties. *In re Mitchell*, 209 F.3d 1111, 1115-16 (9th Cir. 2000) (overruled in part on other grounds). For Congress to abrogate state sovereign immunity, it must both: "(1) unequivocally express its intent to do so, and (2) act pursuant to a valid exercise of power." *Hibbs v. Dep't of Human Res.*, 273 F.3d 844, 850 (9th Cir. 2001). For a state to abrogate its Eleventh Amendment immunity, it must express its consent to suit unequivocally. *Id.*

Congress has not unequivocally abrogated state sovereign immunity with 28 U.S.C. § 1331. It is well settled that 28 U.S.C. § 1331 is a jurisdictional statute, not a waiver of the federal government's sovereign immunity. *Army and Air Force Exchange Service v. Sheehan*, 456 U.S. 728, 733 (1982). Nor does 28 U.S.C. § 1331 abrogate states' sovereign immunity. *Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008). The text of 28 U.S.C. § 1331 makes no mention of state sovereign immunity, much less "unequivocal" Congressional intent to abrogate state sovereign immunity. *See Hibbs*, 273 F.3d at 850. Therefore, 28 U.S.C. § 1331 does not change the Court's prior conclusion that Plaintiff's suit must be dismissed based on Arizona's sovereign immunity under the Eleventh Amendment.

1    Additionally, Arizona has not abrogated its own sovereign immunity under A.R.S. § 12-821. This statute provides that "[a]ll actions against any public entity or public employee shall be brought within one year after the cause of action accrues and not afterward." A.R.S. § 12-821. However, this section does not speak to who can sue the state and why. It requires an inferential leap to conclude that A.R.S. § 12-821 abrogated Arizona's sovereign immunity in its entirety. To the contrary, A.R.S. § 12-820.02 provides that "[u]nless a public employee . . . intended to cause injury or was grossly negligent, neither a public entity nor a public employee is liable for . . . [t]he issuance of or failure to revoke or suspend any permit [or] license . . . ." A.R.S. § 12-820.02(A)(5). Thus, Arizona has not expressed "unequivocal" consent to this kind of suit. *See Hibbs*, 273 F.3d at 850. Therefore, this statute does not change the Court's previous conclusion that Plaintiff's lawsuit must be dismissed based on Arizona's sovereign immunity.

Plaintiff also re-asserts his previous arguments that states can be sued in federal court under 42 U.S.C. § 1983 and under the Fourteenth Amendment, notwithstanding the Eleventh Amendment. (Doc. 30 at 3). However, as the Court explained in its prior order, neither of these provisions abrogate state sovereign immunity. (Doc. 28 at 3); *see L.A. Branch NAACP v. L.A. Unified Sch. Dist.*, 714 F.2d 946, 950 (9th Cir. 1983).

**III.    Conclusion**

For the foregoing reasons, the Court finds no reason to overturn its prior ruling.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Reconsider (Doc. 30) is **DENIED**.

DATED this 4th day of August, 2010.

James A. Teilborg
United States District Judge